**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------x
                                               :
NADIA KHAN                                     :   CASE ACTION NO.
    *Plaintiff*                           :
                                               :
VS.                                            :   TRIAL BY JURY REQUESTED
                                               :
CAMRAC, LLC d/b/a ENTERPRISE RENT-A-           :
CAR                                            :   JANUARY 3, 2023
    *Defendant*                          :
-------------------------------------------------------------x

## COMPLAINT

1. At all times set forth herein, the Plaintiff, Nadia Khan, was a resident of Hamden, Connecticut.

2. At all times set forth herein, the Defendant, Camrac, LLC d/b/a Enterprise Rent-a-Car, was a limited liability company organized under the laws of the State of Delaware.

3. The Defendant operates a rental car business at locations throughout the United States

4. Plaintiff began working for the Defendant in or around 2019 in the position of "management trainee."

5. At the time Plaintiff began her employment with Defendant, she worked at various business locations in the State of New York.

6. In or around October of 2020, Defendant transferred Plaintiff to a business location in Hamden, Connecticut as Assistant Manager.

7. Defendant employees a "boiler room" business strategy whereby it hires young college graduates as "management trainees" and expects them to work 60 hours a week, 6 or more days per week and sell high-margin insurance products to rental customers. Defendant

expects to "churn and burn" through employees in management trainee pipeline who burn-out after a short period of time in the job.

8. As such, Defendant was hostile to female employees in the management trainee pipeline because of their need to take time off for things like childbirth, childcare, or health issues for themselves or their children because it was directly contrary to its business strategy of having those employees work as many hours as possible.

9. By way of example, Plaintiff became pregnant and required time off to give birth and to recover from childbirth in June of 2020.

10. While Plaintiff was out on maternity leave, Defendant's management pressured her to cut her maternity leave short and come back earlier than ready or capable of doing.

11. After Plaintiff became Assistant Manager in Hamden, her son became ill, and Plaintiff was required to take time off in order to care for him.

12. Plaintiff's Area Manager, Emily Crnic, became upset by this and told Plaintiff that in the future she would need to give at least thirty days' notice if she needed any time off.

13. Subsequently, Plaintiff's son developed chronically inflamed adenoids, for which he ultimately needed surgery to remove his adenoids

14. Plaintiff scheduled her son's surgery for March 23, 2022, and notified the Defendant via email of her need to take time off in connection with her son's surgery.

15. Plaintiff was out of work from March 23, 2022, through March 28, 2022 while she cared for her son following the surgery.

16. When Plaintiff returned to work, Defendant's management immediately initiated an "investigation" into Plaintiff supposed "improper use of a rental" vehicle, which had purportedly occurred weeks prior.

17. This "investigation" was a sham designed to generate a pretext for terminating the Plaintiff because she had needed time of to care for her young child and its perception that she would continue to need time off to care for her young child in the future.

18. Defendant terminated Plaintiff on April 5, 2022.

**FIRST COUNT**:	Gender Discrimination in Violation of Conn. Gen. Stat. § 46a-60(b)(1)

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 18 above as Paragraphs 1 through 18 of this First Count, as if fully set forth herein.

19. The Defendant discriminated against the Plaintiff in violation of the provisions of the Americans with Disabilities Act set forth in 42 USC § 12101(b)(4).

20. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has sustained lost wages and other consequential losses and damages, and has incurred or will incur attorneys' fees and costs.

21. Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit A. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

**SECOND COUNT**:	FMLA Interference in Violation of 29 U.S.C. § 2612, *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 18 above as Paragraphs 1 through 18 of this Second Count, as if fully set forth herein.

19. The Defendant is an "employer" within the meaning of the Family and Medical Leave Act ("FMLA").

20. Plaintiff was an "eligible employee" within the meaning of the FMLA.

21. The Plaintiff's son's surgery constituted a "serious health condition" within the meaning of the FMLA.

22. The Plaintiff applied for FMLA leave as set forth above.

23. Defendant interfered with Plaintiff's right to take leave under the FMLA in that it failed to restore her to her position following her leave "in order to care for [her] son['s] … serious health condition."

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has sustained lost wages and other consequential losses and damages, and has incurred or will incur attorneys' fees and costs.

**<u>THIRD COUNT</u>:**          **FMLA Retaliation in Violation of 29 U.S.C. § 2612,** *et seq.*

1. The Plaintiff repeats and re-alleges Paragraphs 1 through 18 above as Paragraphs 1 through 18 of this Third Count, as if fully set forth herein.

19. The Defendant is an "employer" within the meaning of the FMLA.

20. Plaintiff was an "eligible employee" within the meaning of the FMLA.

21. The Plaintiff's son's surgery constituted a "serious health condition" within the meaning of the FMLA.

22. The Plaintiff applied for FMLA leave as set forth above.

23. Defendant retaliated against Plaintiff's exercise or attempt to exercise her right to take leave under the FMLA "in order to care for [her] son['s] … serious health condition" by terminating her employment.

24. As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff has sustained lost wages and other consequential losses and damages, and has incurred or will incur attorneys' fees and costs.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Monetary damages;

2. Front pay or reinstatement;

3. Liquidated damages;

4. Punitive damages;

5. Costs and reasonable attorney's fees incurred in connection with this action;

6. Such additional or alternative relief as is allowed by law.

>THE PLAINTIFF
>NADIA KHAN
>
>By: _____
>Michael J. Reilly, Esq.
>Federal Bar No. ct28651
>CICCHIELLO & CICCHIELLO, LLP
>364 Franklin Avenue
>Hartford, Connecticut  06114
>Tel: (860) 296-3457
>Fax: (860) 296-0676
>Email: mreilly@cicchielloesq.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

---------------------------------------------------------------x
:
NADIA KHAN                            :  CASE ACTION NO.
   *Plaintiff*                        :
:
VS.                                   :  TRIAL BY JURY REQUESTED
:
CAMRAC, LLC d/b/a ENTERPRISE RENT-A-  :
CAR                                   :  JANUARY 3, 2023
   *Defendant*                       :
---------------------------------------------------------------x

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests trial by jury in the above-captioned matter.

                                                             THE PLAINTIFF
                                                             NADIA KHAN

By: _/s/ Michael J. Reilly_____
Michael J. Reilly, Esq.
Federal Bar No. ct28651
CICCHIELLO & CICCHIELLO, LLP
364 Franklin Avenue
Hartford, Connecticut  06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com

# **<u>EXHIBIT A</u>**

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Nadia Khan
**COMPLAINANT**

vs.

CHRO No.  2230538
EEOC No.  16A202201011

Camrae LLC dba Enterprise
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT.  § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

_____
**DATE:**    November 30, 2022             Tanya A. Hughes, Executive Director

Service:
Complainant: nadiaak23@gmail.com
Complainant's attorney:  mreilly@cicchielloesq.com
Respondent:  thomas.k.bates@ehi.com
Respondent's attorney: ken.novikoff@rivkin.com

.